```
                IN THE UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF ARKANSAS
                        FAYETTEVILLE DIVISION

COUNTRY CREEK FARMS, LLC,
d/b/a CCF BRANDS                                        PLAINTIFF

          v.              Civil No. 11-5028

FLEISCHER'S BAGELS, INC.
                                                        DEFENDANT
```

## O R D E R

On this 31st day of March, 2011, comes before this Court defendant's **Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(2)and 12(b)(3)** (Doc. 5) and plaintiff's **Motion to Remand** (Doc. 8). The Court, being well and sufficiently advised, finds and orders as follows:

1. Plaintiff, Country Creek Farms, LLC d/b/a CCF Brands ("CCF Brands") commenced this action in Washington County Circuit Court on December 21, 2010, asserting that Defendant, Fleischer's's Bagels, Inc. ("Fleischer's"), had breached the provisions of a Supply Agreement entered into by the parties.

2. On January 28, 2011, Fleischer's removed the case to this Court.

3. On January 31, 2011, Fleischer's filed a motion to dismiss this case pursuant to Rules 12(b)(2) and 12(b)(3) for lack of personal jurisdiction and improper venue, or alternatively for an order transferring this case to the Western District of New York pursuant to 28 U.S.C. § 1404 where an earlier-commenced case involving the same factual and legal issues is currently pending.

4. On February 8, 2011, CCF Brands filed a motion to remand, asserting that, pursuant to the terms of the parties' Supply Agreement, Fleischer's consented to the jurisdiction of the Washington County Circuit Court and waived its right to remove. CCF Brands asserts that jurisdiction is not proper in this Court and this case should be remanded to state court, and Fleischer's motion to dismiss should be denied as moot.

5. The Supply Agreement contains the following language in section 13(d):

> ***Applicable Law; Jurisdiction.*** This Agreement will be governed by and interpreted in accordance with laws of the State of New York, other than its rules with respect to choice of laws. Any action or proceeding seeking to enforce any provision of, or based on any right arising out of, this Agreement may be brought against any of the parties in the courts of the State of Arkansas located in Washington County or the State of New York located in Wayne or Erie County or, if it has or can acquire jurisdiction, in the United States District Court for the Western District of Arkansas or the Western District of New York, and each of the parties consents to the jurisdiction of such courts (and of the appropriate appellate courts) in any such action or proceeding and waives any objection to venue laid therein. The parties waive any right to a trial by jury in any proceeding related to or arising out of this Agreement or the transactions contemplated hereby. Process in any action or proceeding referred to in the preceding sentence may be served on any party anywhere in the world by mail or personal delivery.

(a) CCF Brands asserts that, based upon the above language, Fleischer's consented to the jurisdiction of the Washington County Circuit Court and waived its right to remove the case to this Court. Specifically, CCF Brands asserts that the "key and

-2-

controlling provision" is the language in section 13(d) that states "each of the parties consents to the jurisdiction of such courts . . . in any such action or proceeding and waives an objection to venue laid therein." Therefore, CCF asserts that this case should be remanded and Fleischer's motion to dismiss should be denied as moot.

(b) Fleischer's asserts that the language in section 13(d) of the parties' Supply Agreement is permissive and the Court should not construe it as a waiver of a party's right to remove. Specifically, Fleischer's asserts that, with respect to the parties' choice of forums, section 13(d) does not contain the terms "must" or "shall," but instead uses the term "may." Further Fleischer's argues that, by referring to five different forums for possible dispute resolution, section 13(d) does not designate an exclusive forum for the resolution of disputes. Finally, Fleischer's points out that section 13(d) does not explicitly state that the parties agreed to waive the right to remove.

(c) With respect to the question of personal jurisdiction, the Court finds that Fleischer's consented to the jurisdiction of this Court. Indeed, the language in section 13(d) is clear: "each of the parties consents to the jurisdiction of such courts" – one of which is the United States District Court for the Western District of Arkansas.

(d) Similarly, with respect to the issue of venue, the Court finds that Fleischer's "waive[d] any objection to venue laid therein." Similar language has been held to prohibit a party from removing the case to federal court. *See iNet Directories, LLC v. Deveopershed, Inc.*, 394 F.3d 1081, 1082 (8th Cir. 2005) (affirming district court's order remanding case to state court) (c*iting Waters v. Browning-Ferris Indus., Inc.*, 252 F.3d 796, 797-98 (5th Cir. 2001); *see also Lancer Ins. Co. v. MKBS, LLC*, 2008 U.S. Dist. LEXIS 104892, at *8-9 (E.D.N.Y. Dec. 22, 2008) (holding removal was improper where forum selection clause in an agreement prohibited either party from objecting to the "laying of venue of any such suit" once an action is "brought in any such court.") (*citing iNet Directories*).

Thus, the Court finds that Fleischer's removal of this action to this Court was improper and the case should be remanded to Washington County Circuit Court.

The Court declines to reach the issue of whether this case should be transferred to the Western District of New York under either the first-filed rule or pursuant to 28 U.S.C. § 1404 because such an analysis would only be proper if venue was properly placed in this forum. *See Mountbatten Sur. Co. v. United States,* 2003 U.S. Dist. LEXIS 19594, at *4 (E.D. Tx. Oct. 1, 2003) (noting that § 1404 "operates on the premise that the plaintiff has properly exercised his venue privilege."); *see also First*

*Pullen Commodity Servs., Inc. v. A.G. Beckerkipnis & Co.*, 507 F. Supp. 770, 776 (S.D. Fla. 1981) (holding that § 1404 applies "only where venue is properly placed in the forum jurisdiction").

**IT IS THEREFORE ORDERED** that defendant's **Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(2)and 12(b)(3)** (Doc. 5) is hereby **DENIED.**

**IT IS FURTHER ORDERED** that plaintiff's **Motion to Remand** (Doc. 8) is hereby **GRANTED.**  This case is hereby remanded to the Washington County Circuit Court.

**IT IS SO ORDERED.**

                      /s/ Jimm Larry Hendren
                      **JIMM LARRY HENDREN**
                      **UNITED STATES DISTRICT JUDGE**